UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-20996-SEITZ/SIMONTON

CHRISTOPHER PERCIAVALLE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

THIS MATTER is before the Court on Defendant, Carnival Corporation's Motion to Dismiss Plaintiff's Complaint [DE-5]. Plaintiff was a passenger on Defendant's ship when he was allegedly attacked and beaten by several drunk, underage males, which resulted in severe permanent injuries to Plaintiff's face and jaw. Plaintiff's two count complaint alleges a claim for negligence and a claim for spoliation of evidence. Defendant moves to dismiss the negligence claim because it improperly pleads the applicable standard of care and fails to adequately plead causation. Defendant moves to dismiss the spoliation claim because the nature of the claim is not clear and because Plaintiff has not adequately pled the elements of spoliation. Because Plaintiff has adequately pled his negligence claim, the motion is denied as to that claim. Plaintiff has not, however, adequately pled a claim for spoliation and thus the motion is granted as to that claim with leave to replead.

## I. Facts Alleged in the Complaint

Plaintiff was a passenger onboard Defendant's ship the *Carnival Pride*. Plaintiff alleges that, during his cruise, Defendant sold alcoholic beverages to underage, adolescent male passengers who then physically battered and assaulted Plaintiff. As a result, Plaintiff has suffered severe permanent

injuries to his face and jaw.

Plaintiff alleges that Defendant had a duty to exercise reasonable care to keep and maintain its premises in a reasonably safe condition for its passengers. Defendant knew or, in the exercise of reasonable care, should have known that selling and serving alcoholic beverages to underage, adolescent male passengers increased the risk of disorderly conduct and foreseeable attacks. As a result of Defendant's failure to exercise reasonable care, Plaintiff was physically battered and assaulted resulting in his injuries.

Plaintiff's spoliation claim alleges that Defendant has a legal duty to preserve evidence about the identity of Plaintiff's attackers and had a duty to report the attack to the FBI. Despite Plaintiff's requests, Defendant has refused to provide Plaintiff with the names of his attackers. Plaintiff alleges that Defendant has breached its legal duty by failing to report the attack to the FBI. As a result evidence has been lost and spoliated, which has impaired Plaintiff's ability to pursue this action and seek redress from his attackers.

## II.     Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

#### A. Plaintiff Has Adequately Pled a Claim of Negligence

Defendant moves to dismiss Plaintiff's negligence claim because Plaintiff has alleged that Defendant owed Plaintiff a standard of care different from that legally imposed on Defendant. In *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959), the U.S. Supreme Court held that "the owner of a ship in navigable waters owes to all who are on board . . . the duty of exercising reasonable care under the circumstances of each case." A review of Plaintiff's complaint establishes that Plaintiff has pled that he was owed a duty of reasonable care. *See, e.g.,* DE-1, ¶¶10, 11, 18 & 19. Thus, Plaintiff has pled the proper duty.

Defendant also moves to dismiss Plaintiff's negligence claim because Plaintiff has failed to adequately allege causation. Defendant relies on this Court's decision in *Rinker v. Carnival Corp.*,

3

753 F. Supp. 2d 1237 (S.D. Fla. 2010), to support this contention. Defendant's reliance is misplaced. In *Rinker* the Court found that the plaintiff had failed to allege causation between her injuries which the plaintiff alleged were caused by improper medical treatment and the defendant's actions in allowing crew members to "cough, sneeze or spit near passengers." Here, Plaintiff clearly alleges that Defendant's improper sale or service of alcoholic beverages to adolescent males led to the attack on Plaintiff by those males after they had consumed the alcohol. Plaintiff has adequately pled causation. Thus, Plaintiff has adequately pled his negligence claim.[1]

### B. *Plaintiff Has Not Adequately Pled A Claim of Spoliation*

Defendant moves to dismiss Plaintiff's spoliation claim because it is not clear whether Plaintiff seeks to assert a cause of action for negligent or intentional spoliation of evidence or seeks an adverse inference instruction. In response, Plaintiff asserts that he intends to allege a third party claim for spoliation based on Defendant's failure to identify the passengers who attacked Plaintiff and Defendant's failure to report the incident to the FBI, as required by 46 U.S.C. § 3507(g)(3).[2] In response, Defendant argues that such a claim is not yet ripe because Defendant has not actually destroyed or lost evidence. Defendant argues that failing to disclose the attackers' names prior to discovery is not equivalent to destroying evidence. The Court agrees. Thus, because Plaintiff has not actually alleged the loss or destruction of the names, Plaintiff has failed to state a cause of action

---

[1] As set out, Defendant's Motion to Dismiss Plaintiff's negligence claim was not well taken. In future filings in this matter, Defendant should be guided by a closer adherence to the dictates of Federal Rule of Civil Procedure 11.

[2] Although Plaintiff has pled 46 U.S.C. § 3507(g)(3) as a basis for his spoliation claim, the statute does not appear to create a private cause of action for a failure to report an incident to the FBI. Additionally, Plaintiff has not pled how Defendant's failure to report led to the spoliation of any evidence.

for spoliation based on Defendant's failure to disclose the attackers' names.

Defendant also argues for dismissal because Plaintiff has not alleged what legal duty Defendant had to preserve evidence or whether Defendant acted negligently or intentionally. While Plaintiff has clarified the alleged duty in his response, it is not explicit on the face of the complaint. Nor is it clear whether Plaintiff is alleging negligent or intentional spoliation. Further, the complaint does not allege all of the elements of a spoliation claim. Under Florida law, the essential elements of a claim for spoliation are: (1) existence of a potential civil action, (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action, (3) destruction of that evidence, (4) significant impairment in the ability to prove the lawsuit, (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit, and (6) damages. *Hagopian v. Publix Supermarkets, Inc.*, 788 So. 2d 1088, 1091 (Fla. 4th DCA 2001). Plaintiff has not clearly alleged each of these elements. Accordingly, it is hereby

ORDERED THAT Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint [DE-5] is GRANTED in part and DENIED in part. The Motion is DENIED as to Count I and GRANTED as to Count II. Plaintiff may file an amended complaint, in accordance with this Order, by **July 12, 2012.**

DONE and ORDERED in Miami, Florida, this 26th day of June, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record